contrary rule, as announced by the Ninth Circuit in this case, leaves a person who has contracted with the Government but who believes the contract to be void no choice but to breach the contract and assert his claim as a defense, thereby risking liability for damages. I had thought this was precisely the situation the Declaratory Judgment Act was designed to remedy.[4]

Concededly, this case does not at first glance appear to be one of great moment, and I certainly do not mean to express any view of the merits of petitioners' underlying substantive claims. Nonetheless, the Ninth Circuit's expansive reading of the Tucker Act as precluding a declaratory judgment as to the validity of a contract with the United States appears to be in tension with the law of the Second Circuit as well as with ordinary principles governing declaratory actions. I would grant certiorari to consider and resolve the jurisdictional issues this case presents.

No. 85–151. McCotter, Director, Texas Department of Corrections v. Muniz. C. A. 5th Cir. Motion of respondent

---

sity, provided foundation for resort to the federal courts. The Declaratory Judgment Act allowed relief to be given by way of recognizing the plaintiff's right even though no immediate enforcement of it was asked." 339 U. S., at 671–672.

Of course, the specific holding in *Skelly* was that a declaratory judgment as to the validity of a contract was unavailable where the only basis for federal subject-matter jurisdiction was a federal-law defense to a state-law contract claim. This problem is not present here, as federal jurisdiction is not predicated solely on petitioners' asserted federal-law defense to the contract action. First, the "coercive action" that would be available for resolution of the issues presented—that is, the Government's claim for breach of contract—would be within the District Court's jurisdiction by virtue of 28 U. S. C. § 1345. Second, the coercive action for breach of contract in this case would also arise under federal law for purposes of 28 U. S. C. § 1331, for "[t]he validity and construction of contracts through which the United States is exercising its constitutional functions, their consequences on the rights and obligations of the parties, the titles or liens which they create or permit, all present questions of federal law not controlled by the law of any State." *United States* v. *County of Allegheny*, 322 U. S. 174, 183 (1944). See also *United States* v. *Seckinger*, 397 U. S. 203, 209–210 (1970); *Clearfield Trust Co.* v. *United States*, 318 U. S. 363 (1943).

[4] I do not mean to suggest that the Declaratory Judgment Act, 28 U. S. C. § 2201, itself constitutes consent to suit by the United States. I refer to the policies of the Act only insofar as they bear on the wisdom of construing the Tucker Act to render inoperative in cases of this type the waiver of sovereign immunity found at 5 U. S. C. § 702.

for leave to proceed *in forma pauperis* granted.    Certiorari denied.

No. 85–421.    PRUDENTIAL-BACHE SECURITIES INC. *v.* ANGELASTRO.    C. A. 3d Cir.    Certiorari denied.    JUSTICE STEVENS took no part in the consideration or decision of this petition.

No. 85–5164.    COLLINS ET AL. *v.* ILLINOIS.    Sup. Ct. Ill.;
No. 85–5180.    MADEJ *v.* ILLINOIS.    Sup. Ct. Ill.;
No. 85–5291.    COOKS *v.* OKLAHOMA.    Ct. Crim. App. Okla.;
No. 85–5308.    THOMAS *v.* MCCOTTER, DIRECTOR, TEXAS DEPARTMENT OF CORRECTIONS, ET AL.    C. A. 5th Cir.;
No. 85–5310.    BAXTER *v.* GEORGIA.    Sup. Ct. Ga.; and
No. 85–5477.    HARRELL *v.* ALABAMA.    Ct. Crim. App. Ala. Certiorari denied.    Reported below: No. 85–5164, 106 Ill. 2d 237, 478 N. E. 2d 267; No. 85–5180, 106 Ill. 2d 201, 478 N. E. 2d 392; No. 85–5291, 699 P. 2d 653; No. 85–5308, 767 F. 2d 916; No. 85–5310, 254 Ga. 538, 331 S. E. 2d 561; No. 85–5477, 470 So. 2d 1303.

JUSTICE BRENNAN and JUSTICE MARSHALL, dissenting.

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 227, 231 (1976), we would grant certiorari and vacate the death sentences in these cases.

No. 84–1597.    MANN *v.* SPIEGEL, 471 U. S. 1136.    Petition for rehearing denied.

OCTOBER 22, 1985

No. 85–5447.    TOWLES *v.* UNITED STATES.    Ct. App. D. C. Certiorari dismissed under this Court's Rule 53.

NOVEMBER 4, 1985

No. 85–244.    ADVENTURERS WHITESTONE CORP. *v.* CITY OF NEW YORK.    Appeal from Ct. App. N. Y. dismissed for want of